UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MICHAEL COLWELL,

        Petitioner,               Case No. 1:08-cv-1182

v.                                      Honorable Paul L. Maloney

KENNETH T. McKEE,

        Respondent.
_____

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner is incarcerated in the Bellamy Creek Correctional Facility. Petitioner was charged in St. Joseph County with first-degree criminal sexual conduct (CSC). He pleaded guilty in the St. Joseph County Circuit Court to one count of second-degree CSC and was sentenced on December 15, 2006, to five years' probation with the first year in the county jail. While he was serving his jail sentence, Petitioner was charged with indecent exposure, which also constituted a violation of his probation. At the request of Petitioner's counsel, Petitioner was referred to the Forensic Center for an evaluation both as to competency to stand trial and for criminal responsibility. Petitioner claims that he was found competent to stand trial, but no evaluation was done as to his criminal responsibility. Petitioner pleaded guilty to a misdemeanor on the indecent exposure charge and was sentenced to 121 days time served. On the underlying CSC charge, Petitioner pleaded guilty to one count of second-degree CSC and was sentenced on February 8, 2008, to imprisonment of three to fifteen years with credit for 530 days time served. According to Petitioner, there was some discussion of Petitioner being sent to some type of community placement rather than a prison, but based on the nature of his new offense, he was deemed a danger to the other residents and to the community. The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal on June 16, 2008 and October 27, 2008, respectively.

Petitioner now raises one ground for habeas corpus relief. He claims that this sentence is invalid because the trial court failed to individualize his sentence. Specifically, Petitioner contends that the court needed an evaluation as to criminal responsibility and further

suggestions for alternative placements rather than prison. Petitioner raised the same claim in the Michigan appellate courts.

## Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

As an initial matter, to the extent Petitioner contends the state trial court committed error under Michigan law in imposing his sentencing, he raises issues of state law that are not cognizable in this federal habeas corpus proceeding. A federal court may review a state prisoner's habeas corpus petition only on the ground that the challenged confinement violates the Constitution, law or treaties of the United States and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). *See also Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Hightower v. Ashley*, No. 95-6376, 1996 WL 435209 (6th Cir. Aug.1, 1996)

(claim of state-law sentencing error "does not rise to a constitutional dimension cognizable upon federal habeas review," absent a showing of a denial of fundamental fairness); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review).

Moreover, the Court is unable to ascertain a cognizable federal constitutional basis for relief stemming from Petitioner's claims of error. Petitioner has not cited, nor is this Court aware of, any federal right to an independent criminal responsibility evaluation before being sentenced. Moreover, Plaintiff has no constitutional right to any particular placement or security classification. "[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State . . . ." *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Consequently, "the denial of participation in a community placement program is not the type of atypical and significant deprivation in which the state might create a liberty interest." *Davis v. Loucks*, No. 96-1583, 1997 WL 215517, at *1 (6th Cir. Apr. 29, 1997) (citing *Sandin v. Conner*, 515 U.S. 472, 485-86 (1995)). Petitioner, therefore, has failed to present a cognizable claim for habeas corpus relief.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's

dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322,

327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:   January 16, 2009             /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      Chief United States District Judge